UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


PRESTON G. DEMOUCHETTE JR. (#90331)

VERSUS                                              CIVIL ACTION

JAMES LEBLANC, ET AL                                NUMBER 15-159-JJB-SCR

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 26, 2015.

                                           STEPHEN C. RIEDLINGER
                                           UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


PRESTON G. DEMOUCHETTE JR. (#90331)

VERSUS                                              CIVIL ACTION

JAMES LEBLANC, ET AL                                NUMBER 15-159-JJB-SCR

## MAGISTRATE JUDGE'S REPORT

Petitioner is an inmate confined in Louisiana State Penitentiary (hereafter "LSP"), Angola, Louisiana. Petitioner filed a Writ of Habeas Corpus; (ad testificandum); (et-seq), purportedly pursuant to 28 U.S.C. § 2241.

Petitioner alleged that in 1976 he was convicted of one count armed robbery in the Sixteenth Judicial Parish, St. Mary Parish, Louisiana. Petitioner alleged that he was convicted in the absence of any indictment. Petitioner further alleged that in September 1979, he was convicted of one count armed robbery in the Fifteenth Judicial District, Acadia Parish, Louisiana. Petitioner alleged that he was convicted in the absence of any Bill of Information or any criminal commitment.

Petitioner asserted that "he is not contesting his convictions, or sentences, but, he is contesting his illegal, unlawful custody, that is without court-order, or legal process, violative of La. C.Cr.P. Art. -361." Plaintiff sought an order to show cause why a writ of habeas corpus should not be granted, that

a hearing be held, and that he be produced for the hearing.

Documents attached to the petition show the petitioner filed a request for administrative relief ("ARP") at the prison. Petitioner did not attach a copy of the ARP to his petition. The response by prison officials indicates that the petitioner sought release from custody due to a discrepancy in the sentencing minutes and the absence of a criminal commitment document in his inmate file.

A § 2241 petition may be granted if the inmate "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Accepting the petitioner's assertion that he is not challenging the validity of his state court robbery convictions or the sentence imposed, the claim he asserted not cognizable in a habeas corpus proceeding. Petitioner does not allege that he is being held in prison in violation of his constitutional rights - only in violation of a state rule of criminal procedure.

Also, even if the petitioner's allegations could be interpreted to state a claim for relief cognizable in a federal habeas corpus action, it is clear on the face of the petition that the petitioner failed to exhaust available state remedies. Congress provided that the writ of habeas corpus shall not be granted unless the petitioner has exhausted all remedies available in the court of the state that exercised custody over the

2

petitioner.  28 U.S.C.§ 2254(b).  Although § 2241 contains no statutory requirement of exhaustion like that found in § 2254(b), exhaustion of state remedies has been held to be a necessary prelude to its invocation.  *Robinson v. Wade*, 686 F.2d 298, 303 n. 8 (5th Cir. 1982); *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir.), *cert. denied*, 421 U.S. 999, 95 S.Ct. 2396 (1975).  Generally, the exhaustion requirement is satisfied if a claim has been presented once to the state's highest court.  *Carter v. Estelle*, 677 F.2d 427, 442 n. 10 (5th Cir.), *modified on other grounds*, 691 F.2d 777 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508 (1983); see generally *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

It is clear on the face of the petition that the petitioner has failed to exhaust available state remedies.  Petitioner has not even presented his claim to a state trial court, much less to a state appellate court and the Louisiana Supreme Court.

Therefore, in the alternative, the petitioner's Writ of Habeas Corpus; (ad testificandum); (et-seq) should be dismissed without prejudice for failure to exhaust available state remedies.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's Writ of Habeas Corpus; (ad testificandum); (et-seq) be dismissed for failure to state a claim cognizable in a federal habeas corpus action, and alternatively to the extent that his

petition is interpreted to state a claim for relief cognizable in a federal habeas corpus action, for failure exhaust state remedies.

Baton Rouge, Louisiana, May 26, 2015.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE